# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Lamberto Román-Salgado (#64403-179),** | ) |
| **Plaintiff,** | ) ) ) |
| | ) No. 10 C 6344 |
| v. | ) ) Hon. Joan B. Gottschall |
| **U.S. Attorney General Eric Holder,** | ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a federal prisoner facing deportation, has brought this *pro se* civil rights action pursuant to 8 U.S.C. § 1503(a). The plaintiff seeks a declaratory judgment finding him to be a citizen of the United States. This matter is before the court for ruling on the Attorney General's motion to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. For the reasons stated in this order, the defendant's motion is granted, as the complaint fails to state a cognizable claim. The plaintiff has pled himself out of court.

## FACTS

The plaintiff alleges the following facts, which will be assumed true for purposes of the motion to dismiss:

The plaintiff, a Mexican national, has been a legal resident of the United States since at least 1974. The plaintiff obtained a Social Security number, married a U.S. citizen in 1985, and fathered five, American-born children. The plaintiff has longstanding ties to the United States and

to his family members, all of whom are U.S. citizens who have lived in this country their entire lives.

In 1996, the plaintiff began the naturalization process to become a U.S. citizen. He filled out and filed a Citizen Request Form with what was then called the Immigration and Naturalization Service [hereinafter, "INS"].[1] As part of the application process, the plaintiff was also fingerprinted at the Highwood, Illinois, police station and took a required examination on the Constitution.

The immigration specialist with whom the plaintiff worked, Maria Pizano [evidently, a private individual and not an INS agent], advised him that he had completed the application process and that he should wait for notification from the INS office as to when he would be scheduled to take the oath of citizenship. However, INS never contacted the plaintiff.

Ten years later, in 2006, the plaintiff attempted to reach Pizano to ask her about his citizenship status and to obtain his file; however, she had moved and he was unable to locate her.

The plaintiff made "numerous and repeated" efforts to get a hearing, but an immigration court in Houston, Texas, rejected his petition. The INS office in Laredo, Texas, likewise rejected an appeal for assistance, directing the plaintiff back to the immigration court in Houston that had already refused to approve his application.

### Additional Background Information Provided by the Defendant

In 1989, the plaintiff was placed in deportation proceedings due to a 1988 conviction for unlawful possession of a controlled substance. (Defendant's Exhibit B, Affidavit of Lisa

---

[1] Since March 1, 2003, the agency has been known as the United States Citizenship and Immigration Service, or "USCIS."

Mahmood, ¶ 6.) However, an immigration judge granted the plaintiff's request for a waiver and the removal proceedings were terminated in his favor. (*Ibid.*)

On August 11, 2006, Customs and Border Protection agents in Laredo, Texas, apprehended the plaintiff for possession of drugs as he was entering the country. (Mahmood Affidavit, ¶ 8.) At that time, the plaintiff made a statement under oath that he was born in Mexico to Mexican parents and that he did not "have or make any legal claim to being a United States citizen." (Defendant's Exhibit D, Record of Sworn Statement in Administrative Proceedings, at p. 1.)[2] The plaintiff was charged with possession of cocaine with intent to distribute. (Defendant's Exhibit A-1, Judgment in a Criminal Case); *see also United States of America v. Roman-Salgado*, Case No. 06 CR 01222 (S.D. Tex.).

On the same date, the plaintiff was once again placed on removal status as an illicit drug trafficker pursuant to Section 212 of the Immigration and Nationality Act. (Mahmood Affidavit, ¶ 8; *see also* 8 U.S.C. § 1182(a)(2)(c); Defendant's Exhibit C, Notice to Appear in Removal Proceedings.)

In December 2007, the plaintiff was convicted of illegal trafficking of more than five kilograms of a controlled substance. (*Ibid.*; see also Mahmood Affidavit, ¶ 7.) He is currently an inmate at the Federal Correctional Institution in Beaumont, Texas. (Document No. 3, Motion for Leave to Proceed *In Forma Pauperis*.)

Although the plaintiff has received notice of the government's intent to pursue deportation, the Immigration and Customs Enforcement Agency has not yet initiated actual removal

---

[2]In his brief opposing dismissal, the plaintiff clarifies that he was responding only to a question about his parentage; he additionally maintains that he told the interviewer that he had a pending citizenship application (although no such statement appears in the transcripts).

proceedings. [Presumably, the government is reserving a decision whether to launch the process once the plaintiff has served his prison sentence]. (Mahmood Affidavit, ¶ 8.)

## DISCUSSION

Even accepting the plaintiff's allegations as true, the court finds that the complaint fails to state a viable claim as a matter of law. Irrespective of whether the plaintiff initiated naturalization proceedings, it is undisputed that he never completed the process. Furthermore, because the plaintiff was convicted of an aggravated felony, he is no longer eligible for citizenship. Regardless, the Attorney General cannot consider an application for citizenship while removal proceedings are pending. The plaintiff's petition for a declaratory judgment must therefore be denied.

### I. The Pending Removal Proceedings Do Not Deprive the Court of Jurisdiction

The Notice to Appear for removal proceedings does not necessarily divest this court of jurisdiction to hear the plaintiff's claims.

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), *citing Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803). A plaintiff may bring an action in federal court only if the action is authorized by Article III of the Constitution or if a statute promulgated by Congress authorizes the federal courts to hear that type of case, i.e., only if the federal court has subject matter jurisdiction. *Bender*, 475 U.S. at 541; *see also Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Pursuant to 28 U.S.C.

4

§ 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff bears the burden of establishing that a district court has proper jurisdiction of an action. *Transit Express*, 246 F.3d at 1023.

When considering challenges to the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *See, e.g., Scott Air Force Base Properties v. County of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008). The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction differs from a Rule 12(b)(6) motion only in that the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009), *quoting Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (additional citations omitted).

In 1990, Congress vested the Attorney General with the sole authority to naturalize persons as U.S. citizens. 8 U.S.C. § 1421(a); *see also Liu v. U.S. Dept. of Homeland Security*, No. 10 C 2823, 2010 WL 5232938, *3 (N.D. Ill. Dec. 16, 2010) (Dow, J.) (citation omitted). As a general rule, a district court may intervene in the naturalization process only if (1) the USCIS officer fails to grant or deny the naturalization application within 120 days, or (2) the USCIS officer denies the application and the denial is affirmed upon administrative appeal pursuant to § 1447(a). *Liu*, 2010 WL 5232938, at *3, *citing* 8 U.S.C. §§ 1421(c), 1447(a), and 1447(b); *see also Meraz v. Comfort*, No. 05 C 1094, 2006 WL 861859, *3-4 (N.D. Ill. Mar. 9, 2006) (Gottschall, J.). Where, as here, the plaintiff essentially contends that USCIS has refused to render a final decision, the court retains

jurisdiction, "although the power of the court to grant relief may be diminished while removal proceedings are pending." *Meraz*, 2006 WL 861859, at *4 (collecting cases). Accordingly, the motion to dismiss under Rule 12(b)(1) is denied.

## II. The Complaint Nonetheless Fails to State a Claim

Nevertheless, the court finds that the complaint fails to state a claim as a matter of law. It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court again notes that it assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir.

6

2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted): "A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court."

## A. The Plaintiff Did Not Complete the Naturalization Process

It is questionable whether the plaintiff ever actually initiated the naturalization process. The plaintiff has provided no copies of application materials, no receipts for filing fees, no file-stamped copies, nor any other documentation relating to his purported efforts to become a citizen. It is possible that the plaintiff believed that Pizano filed the required documentation, but that she never did so. The defendant, in contrast, has submitted an affidavit from USCIS Immigration Services Officer Lisa Mahmood indicating that the government can find no record of the plaintiff having applied for citizenship under any of the various names or registration numbers he has provided. Furthermore, the plaintiff made a sworn statement to a federal agent in 2006 that he had no legal claim to being a U.S. citizen [although he now qualifies that statement]. But because the plaintiff asserts that he can obtain, through discovery, proof of his citizenship application, the court will accept as true, for purposes of the motion to dismiss, the plaintiff's account that he at least initiated the naturalization process.

However, merely initiating naturalization proceedings and completing the paperwork are insufficient to confer citizenship status. In his complaint, the plaintiff details his efforts to finalize the application process; even so, he specifically concedes, "I was never notified about taking the oath of citizenship to complete the process." (Declaration Attached to Complaint, p. 2, ¶ 6.) In order to become an American citizen, an individual must take the oath of citizenship. *See* 8 U.S.C. § 1448(a) ("A person who has applied for naturalization shall, in order to be and before being admitted to citizenship, take in a public ceremony before the Attorney General or a court with jurisdiction under section 1421(b) of this title an oath. . . .") It is most regrettable that the plaintiff never took the final step in the ten years before he was arrested again. But because the plaintiff has admittedly never taken the oath of citizenship, he is not entitled to a judgment declaring him to be a naturalized citizen of the United States.

## II. The Plaintiff No Longer Appears To Be Eligible for Citizenship

Furthermore, because the plaintiff was convicted of an aggravated felony[3] after November 1990, it would seem that he is no longer eligible for citizenship. Under 8 C.F.R. § 316.10(a)(1), "an applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character." By statutory definition, anyone convicted of an aggravated felony on or after November 29, 1990, must be found to lack good moral character. 8 C.F.R. § 316.10(b)(1)(ii); *see also O'Sullivan v.*

---

[3]The court's consideration of criminal records does not require conversion of the motion to dismiss into a motion for summary judgment. In ruling on a 12(b)(6) motion to dismiss, the court may take judicial notice of matters of public record. *Cancer Foundation, Inc. v. Cerberus Capital Management*, 559 F.3d 671, 675, n.2 (7th Cir. 2009); *see also Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). Matters of public record include public court documents. *Cancer Foundation*, 559 F.3d at 671, n.2; *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

*U.S. Citizenship and Immigration Services*, 372 F. Supp. 2d 1097, 1100 (N.D. Ill. 2005) (Gettleman, J.). Drug trafficking crimes are considered aggravated felonies for purposes of Section 101(a)(43) of the Immigration and Nationality Act. *See, e.g., Garcia v. Ashcroft*, 394 F.3d 487, 490 (7th Cir. 2005); *Navarro-Macias v. I.N.S.*, 16 Fed. Appx. 468, 471 (7th Cir. 2001); *Jideonwo v. I.N.S.*, 224 F.3d 692, 695 (7th Cir. 2000); *Masok v. Achim*, No. 04 C 7503, 2005 WL 1017891, *5 (N.D. Ill. Apr. 28, 2005) (St. Eve, J.). By virtue of his criminal conviction for drug trafficking, the plaintiff likely cannot satisfy the "good moral character" requirement for citizenship.

### III. The Pending Removal Proceedings Preclude Naturalization at this Time

In light of the pending/anticipated deportation proceedings, the Attorney General may not naturalize the plaintiff as a U.S. citizen. Title 8, United States Code, Section 1429 provides in relevant part that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter." See also *Liu, supra*, 2010 WL 5232938, at *1, n. 3; *Ortega v. Holder*, No. 08 C 1121, 2010 WL 4625580, *3 (N.D. Ill. Nov. 5, 2010) (Manning, J.); *Meraz*, 2006 WL 861859, at *4. As the plaintiff has been notified that the government intends to deport him, the court declines either to declare him a U.S. citizen or to remand the matter to the USCIS. at this time.

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the complaint for failure to state a claim is granted. Whether or not the plaintiff filed all the required documentation for U.S. citizenship, he is not entitled to a judgment declaring him to be a naturalized citizen of the United States because he did not take the final, required step of being sworn in as a citizen. The plaintiff

9

must apply (or re-apply) for citizenship if and when the removal proceedings have been resolved in his favor. The complaint is dismissed and the case is terminated.

The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

IT IS THEREFORE ORDERED that the defendant's motion to dismiss the complaint for failure to state a claim [#14] is granted. The complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The case is terminated. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

Enter: _____

JOAN B. GOTTSCHALL
United States District Judge

Date: 4/14/11